UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

SOPHIAN BUSH,

    Plaintiff,

v.

SOVEREIGN HEALTHCARE
OF ST. AUGUSTINE, LLC
d/b/a MOULTRIE CREEK
NURSING & REHAB CENTER,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

    Plaintiff, SOPHIAN BUSH ("Ms. Bush" or "Plaintiff") files this Complaint against Defendant, SOVEREIGN HEALTHCARE OF ST. AUGUSTINE, LLC doing business as MOULTRIE CREEK NURSING & REHAB CENTER ("MC" or "Defendant"), and states as follows:

**INTRODUCTION**

    1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for violation of Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes, to recover from Defendant back pay,

an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA and WCRS claims, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in St. Johns County, Florida, and this venue is therefore proper.

5. Defendant is a foreign limited liability company that is located and does business in St. Johns County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a

result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by the WCRS.

## **CONDITIONS PRECEDENT**

11. On or around July 07, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. On October 14, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Ms. Bush worked for MC as a Licensed Practical Nurse ("LPN") from May 6, 2019, until her termination on May 26, 2020.

17. Ms. Bush suffered a workplace injury in early 2020 that resulted in a disability and chronic, serious health condition, specifically cervical radiculopathy. Pain, numbness, weakness, and altered reflexes have bedeviled Ms. Bush since her injury.

18. Ms. Bush suffered the injury while helping to push a patient of MC's.

19. After the injury, Ms. Bush's treating physician prescribed her narcotic analgesics in order to treat her disability and chronic, serious health condition.

20. The physician also put Ms. Bush on restrictions, which she duly provided to MC upon her return to work after the injury, requesting that MC accommodate her with these reasonable and non-burdensome restrictions.

21. MC nevertheless tried to force Ms. Bush to perform all of her LPN duties without engaging Ms. Bush in the interactive process to ascertain whether there were reasonable and non-burdensome restrictions available.

22. Deeply concerned by the fact that MC was ignoring her restrictions and attempting to make a mockery of her professional oaths, Ms. Bush contacted Florida's Agency for Healthcare Administration

23. Ms. Bush also once again advised MC that she was still on her medications, and subject to restrictions.

24. MC's Human Resources Department reacted to these disclosures by insisting that Ms. Bush "could" work as an LPN without restrictions.

25. At this time, Ms. Bush was wearing a sling at this time, due to her disability and chronic, serious health condition.

26. In the ensuing months, MC's supervisors and managers soured on Ms. Bush.

27. On another occasion, MC supervisors launched a so-called "investigation" for leaving MC's facility to go eat some food.

28. This despite the fact that, due to the coronavirus crisis, MC had previously ordered its employees not to order out, and not to bring food into the facility from outside.

29. Several other staff members who had left the property for the same reason did not receive an open investigation.

30. Also, during this time, MC continued to insist that Ms. Bush could perform her full LPN duties even with only one fully functioning arm.

31. Ms. Bush continued to assert to her supervisor, Paul, that she was unable to perform her full regular duties without restrictions.

32. In retaliation, Paul sent Ms. Bush home one weekend.

33. The next weekend, in May of 2020, Paul added Ms. Bush back to the weekend schedule without telling her that he had done so.

34. When Ms. Bush was not there that weekend, Paul recorded this wrongly as a "no call, no show."

35. After this, Ms. Bush spoke with Charles in MC's Human Resources Department to request a formal grievance against Paul and MC's Director of Nursing, Bev, for retaliation to which MC had been subjecting her.

36. On May 20, 2020, Ms. Bush visited MC's facility to drop off workers' compensation paperwork, and to take a COVID-19 test.

37. That same day, on May 20, 2020, one of MC's administrators, Jason, called Ms. Bush's other employer and improperly asked her other employer many probing and impertinent questions.

38. At this time, Ms. Bush was eligible for unpaid FMLA leave in order to treat and address her chronic, serious health condition.

39. MC failed to offer any guidance regarding her rights and responsibilities under the FMLA and failed to provide her with FMLA paperwork.

40. Less than a week later, on May 26, 2020, Jason, Bev, and Charles called Ms. Bush on the phone and informed Ms. Bush that MC had decided to terminate her employment, effective immediately.

41. Defendant interfered with, and ultimately retaliated against, Ms. Bush because she suffered a serious health condition, because she availed herself to a period

unpaid FMLA leave, or what should have been FMLA leave, in order to treat and address same.

42. Defendant's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Bush disclosing her serious health condition, and utilizing FMLA leave to treat and address same.

43. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

44. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

45. In reality, Defendant's termination of Ms. Bush stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA/FCRA, her recent use of protected FMLA leave, and her seeking and availing herself to workers' compensation benefits.

46. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA/FCRA, FMLA and WCRS, were intended to prevent.

47. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA/FCRA, her objections regarding disability discrimination, her engaging in protected activity under the FMLA, her availing herself to workers' compensation benefits, and her termination sufficiently clear.

48. Any reason provided by Defendant for its actions is a pretext.

49. The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

50. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

51. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

52. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

53. Ms. Bush is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a LPN.

54. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

55. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

56. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

57. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Bush based solely upon her disability.

58. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

59. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

60. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

61. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

62. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

63. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

64. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

65. Defendant did not have a good faith basis for its actions.

66. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

67. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11 through 37, 40, and 44 through 67, above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

70. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11 through 37, 40, and 44 through 67, above.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

77. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11 through 37, 40, and 44 through 67, above.

83. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

84. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

85. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

86. Plaintiff's protected activity, and her termination, are causally related.

87. Defendant's stated reasons for Plaintiff's termination are a pretext.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions

of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

92. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11 through 37, 40, and 44 through 67, above.

93. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

94. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

95. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

96. Plaintiff's protected activity, and her termination, are causally related.

97. Defendant's stated reasons for Plaintiff's termination are a pretext.

98. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

100. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

101. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## INTERFERENCE UNDER THE FMLA

102. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 16 through 19, 25 through 49, and 65 through 67, above.

103. At all times relevant hereto, Plaintiff was protected by the FMLA.

104. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Ms. Bush to the same or substantially similar position she was in prior to using FMLA leave.

105. Defendant denied Plaintiff FMLA benefits she was otherwise entitled to.

106. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

107. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

108. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE FMLA

109. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 16 through 19, 25 through 49, and 65 through 67, above.

110. At all times relevant hereto, Plaintiff was protected by the FMLA.

111. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave, and for objecting to retaliation.

112. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

113. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

114. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

115. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VII- VIOLATION OF WCRS

116. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 10, 16 through 20, 25 through 37, 40, 46, 49, and 65 through 67, above.

117. On or around May 26, 2020, Defendant terminated Plaintiff from his employment in violation of the WCRS.

118. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

119. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 4th day of January, 2022.

Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476

        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com